David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-------------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ECF CASE |
| Plaintiff, | 07 Civ. 8243 (RJH) |
| - against - | **COMPLAINT** |
| UNION PACIFIC RAILROAD COMPANY; NYK LINE (NORTH AMERICA) INC.; NIPPON YUSEN KAISHA (NYK LINE); JAGUAR FREIGHT SERVICES; JAGUAR FREIGHT SERVICES, INC.; BJ INTERNATIONAL, INC.; | |
| Defendants. | |

-------------------------------------------------------------------x

Plaintiff Indemnity Insurance Company of North America, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

**FIRST CAUSE OF ACTION**

1.  This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of goods moving from the United States to a foreign country under a through bill of lading relating to substantial ocean carriage as well as interstate rail carriage governed by

federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706).

      2.     Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

      3.     Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the state of Pennsylvania. Plaintiff maintains an office at 140 Broadway, New York, New York, and sues herein as subrogated insurer the cargo in suit having paid the insurance claim of World Casing Corp., who was at all material times the shipper and owner of the shipment.

      4.     Indemnity Insurance Company of North America sues herein on its own behalf and for and on behalf of the shipper, consignee and/or owner of the cargo, and the holder of the subject bills of lading, as their respective interests may now or ultimately appear.

      5.     Defendants Jaguar Freight Services, Inc., BJ International Inc. (both doing business as, and referred to herein as, Jaguar Freight Services), Union Pacific Railroad Company ("UPRR"), and NYK Line North America Inc. are believed to be a corporations organized under the laws of, and with their principal places of business in, certain of the fifty states other than Pennsylvania.

6. Defendant Nippon Yusen Kaisha (NYK Line) is believed to be a corporation organized under the laws of, and with its principal place of business in, a foreign sovereign.[1]

7. Upon information and belief defendants at all material times conducted business as common carriers of cargo for hire, and the provision of services related thereto, including the pick up, carriage and delivery of cargo within the State of New York, and the contracting to provide such services to entities domiciled in New York and are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8. The Jaguar Freight Services bill of lading includes terms which provide for adjudication of disputes in the United States District Court for the Southern District of New York.

9. This action involves damage and loss to a shipment of 68 barrels of food casings and hog casing runners moving, or intended to move, in container TRLU633487-2 as described more fully in Jaguar Freight Services bill of lading 810840SE. The shipment is described more fully in the annexed Schedule A, which is incorporated herein by reference.

10. On or about December 21, 2006 the shipment was delivered to defendants or entities acting on their behalf, in full, complete and good order and condition at or near the designated place of receipt in Guymon, Oklahoma.

11. The Jaguar Freight Services and NYK Line bills of lading were intermodal through bills, meaning that they contemplated multiple modes of transportation, including interstate rail carriage from Oklahoma to California, ocean carriage to the port of

---

[1] Nippon Yusen Kaisah and NYK Line (North America) Inc. are referred to herein jointly as "NYK Line".

discharge in Shanghai, China, and transport from the port of discharge to final destination at Nantong.

12. Jaguar Freight Services and/or NYK Line provided shipping container TRLU633487-2 for the entire transport of the shipment from the place of receipt to the place of intended delivery and the subject cargo was loaded into said container in good order and condition and without evidence of damage.

13. UPRR formulated electronic waybills covering the interstate rail carriage of the shipment.

14 On or about December 22, 2006, while UPRR was transporting the shipment still loaded in the subject container, defendants contend that the subject shipment sustained damage as the result of a derailment which occurred at or near Portola, California.

15. As a result of the damage sustained, the cargo was rendered unfit for intended usage.

16. By reason of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $40,000.00, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable as common carriers, bailees, forwarders and/or warehouseman for hire.

17. Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18. All conditions precedent has been performed by or on behalf of plaintiff.

**SECOND CAUSE OF ACTION**

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of this complaint.

20. With respect to the interstate rail carriage of the cargo UPRR was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

21. With respect to the interstate rail carriage of the cargo Jaguar Freight Services and NYK Line were at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

22. The damage sustained to the shipment in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of Jaguar Freight Services, NYK Line, and/or UPRR, and entities acting on their behalf.

23. The damage to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

24. As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

**THIRD CAUSE OF ACTION**

25. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

26. Defendants agreed and promised to perform services and act as carriers or bailees of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

### FOURTH CAUSE OF ACTION

27. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

28. Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

29. The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

### FIFTH CAUSE OF ACTION

30. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

31. The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage contracts.

WHEREFORE, plaintiff respectfully requests that judgment be entered against each of the captioned defendants, jointly and severally:

a) for the sum of $40,000.00;

    b)    for prejudgment interest at the rate of 9% per annum;

    c)    for the costs of this action;

    d)    for such other and further relief as this Court deems proper and just.

Date:  New York, New York
          September 21, 2007         *s/David L. Mazaroli*

                                                        David L. Mazaroli (DM 3929)
                                                        Attorney for Plaintiff
                                                        11 Park Place - Suite 1214
                                                        New York, New York 10007
                                                        Tel.: (212)267-8480
                                                        Fax.: (212)732-7352
                                                        E-mail: dlm@mazarolilaw.com
                                                        File No.: 7G-1460

## SCHEDULE A

| | |
|---|---|
| Subrogated Insurer: | Indemnity Insurance Company of North America |
| Shipper/Subrogor: | World Casing Corp. |
| Vessel: | M/V "NYK STARLIGHT" |
| Voyage: | 46 |
| Place of Receipt: | Guymon, Oklahoma |
| Port of Loading: | Oakland, California |
| Port of Discharge: | Shanghai, China |
| Place of Delivery: | Nantong |
| Shipper's Ref.: | SF335 |
| Original Container: | TRLU633487-2 |
| Replacement Container: | NYKU811618 |
| Cargo: | Food casings/hog casing runners |
| Claim Amount: | $40,000.00 |
| INAMAR File: | JY07J000427-9 |
| NYK Line Ref.: | SCA/07/1044/01 |
| Union Pacific Ref.: | 4420269 |
| DLM File: | 7G-1460 |