4391-002

DeORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for Defendants
Jaguar Freight Services and
   Jaguar Freight Services, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,                                                          ECF CASE:  07 Civ. 8243

                         Plaintiff,

             v.
                                                                                  ANSWER TO COMPLAINT

UNION PACIFIC RAILROAD COMPANY,
NYK LINE (NORTH AMERICA) INC., NIPPON
YUSEN KAISHA (NYK LINE), JAGUAR
FREIGHT SERVICES, JAGUAR FREIGHT
SERVICES, INC., BJ INTERNATIONAL, INC.

                         Defendants.
------------------------------------------------------------X

         Defendants, Jaguar Freight Services and Jaguar Freight Services, Inc. ("Jaguar"), by

their attorneys, DeOrchis, Wiener & Partners, LLP, answering the Complaint of Plaintiff,

allege upon information and belief, as follows:

## FIRST CAUSE OF ACTION

         1.  Admits each and every allegation contained in Paragraphs 7, 8 and 11 of the

Complaint.

2.  Admits allegation contained in Paragraph 5 of the Complaint as to Jaguar, but denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 5 of the Complaint.

3.  Admits the allegations contained in Paragraph 12 of the Complaint as to Jaguar, but denies knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 12 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 6, 9, 10, 13, 14, 15, 16, 17, 18 in the Complaint.

## SECOND CAUSE OF ACTION

5.  Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 4 inclusive of this Answer, with the same force and effect as if herein set forth at length.

6.  Denies each and every allegation contained in Paragraph 21 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20, 22, 23 and 24 of the Complaint.

## THIRD CAUSE OF ACTION

8.  Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 7 inclusive of this Answer, with the same force and effect as if herein set forth at length.

9.  Denies each and every allegation contained in Paragraph 26 of the Complaint.

2

## FOURTH CAUSE OF ACTION

10. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 9 inclusive of this Answer, with the same force and effect as if herein set forth at length.

11. Denies each and every allegation contained in Paragraphs 28 and 29 of the Complaint.

## FIFTH CAUSE OF ACTION

12. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 11 inclusive of this Answer, with the same force and effect as if herein set forth at length.

13. Denies each and every allegation contained in Paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim against Jaguar upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15.    The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et. seq., and/or the Harter Act, 46 U.S.C., § 190 et. seq., and/or other legislation pertinent to this carriage.  If any injury was suffered by Plaintiff, which is denied, for which Jaguar is found liable, said injury was due to a cause or causes for which defendants are not liable by virtue of said legislation pertinent to this carriage.

3

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16.     The shipment described in the Complaint was booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain dock receipts, bills of lading, tariffs, and/or contracts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. If any injury was suffered by Plaintiff for which Jaguar is found liable, which is denied, said injury was due to a cause or causes for which Jaguar is not liable by virtue of said dock receipts, bills of lading, tariffs, and/or contracts of affreightment.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17.     The Complaint should be dismissed as Plaintiff failed to give timely notice of this claim as required by the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

18.     If Plaintiff suffered the injury referred to in the Complaint, which is denied, for which Jaguar is found liable, such injury was caused, or contributed to, by Plaintiff and/or other third parties and co-defendants and not by Jaguar.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19.     Any liability of Jaguar, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20.    Pleading in the alternative, the Complaint must be denied as the loss or injury complained of, which is denied, occurred during the period before loading and after discharge from the vessel and therefore Jaguar is not liable for said loss.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21.    Plaintiff has failed to properly and fully mitigate its damages alleged in its Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22.    That if Plaintiff's cargo suffered any loss or damage, which defendants Jaguar deny, then such loss or damage resulted from a cause arising without the actual fault and privity of Jaguar and without the fault or neglect of its agents or servants, and Jaguar is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(q).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23.    The Court should take a presumption that the shortage, loss and/or damage, if any, occurred while the cargo was in the possession, control and custody of the last carrier.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS UNION PACIFIC RAILROAD COMPANY, NYK LINE (NORTH AMERICA) INC., NIPPON YUSEN KAISHA (NYK LINE), and BJ INTERNATIONAL, INC. DEFENDANTS ALLEGE AS FOLLOWS:

24.    Jaguar repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

25.    If the shipment in suit was damaged as set forth in the Complaint, which is specifically denied, then the damage was proximately caused by the fault, omission, negligence

5

or breach of contract, breach of warranty, breach of bailment of co-defendants, Union Pacific Railroad Company, NYK Line (North America) Inc., Nippon Yusen Kaisha (NYK Line), and BJ International, Inc. and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of defendants Jaguar.

26.    If Plaintiff is entitled to recover against defendants Jaguar for matters alleged in the Complaint, then defendants Jaguar is entitled to recover indemnity or contribution from co-defendants Union Pacific Railroad Company, NYK Line (North America) Inc., Nippon Yusen Kaisha (NYK Line), and BJ International, Inc. for all or a proportionate amount of such sums, if any, so recovered, together with expenses, including attorneys' fees, costs and interest, in defending against Plaintiff's action.

27.    That if Plaintiff is entitled to recover against Jaguar, then Jaguar is entitled to recover indemnity from co-defendants Union Pacific Railroad Company, NYK Line (North America) Inc., Nippon Yusen Kaisha (NYK Line), and BJ International, Inc. for all expenses including attorneys' fees, costs and interest which Jaguar expended in defending against Plaintiff's action.

WHEREFORE, Defendants Jaguar pray:

(a)    That judgment be entered in favor of Jaguar, and against Plaintiff dismissing the Complaint herein together with costs and disbursements of this action;

(b)    That judgment be entered in favor of Jaguar against Union Pacific Railroad Company, NYK Line (North America) Inc., Nippon Yusen Kaisha (NYK Line), and BJ International, Inc. on the cross-claim herein together with the costs and disbursements of this

6

action including attorneys' fees plus interest and for such other and further relief as the Court

deems just and proper; and

(c)     That the Court direct such other and further relief as it deems just and proper.


Dated:      New York, New York
            October 18, 2007

                                    DEORCHIS, WIENER & PARTNERS, LLP
                                    Attorneys for Defendants
                                    Jaguar Freight Services and
                                    Jaguar Freight Services, Inc.

                                    By:

                                        RICHARD L. FURMAN (RF 0250)
                                        61 Broadway, 26th Floor
                                        New York, New York 10006
                                        (212) 344-4700
                                        Our File:  4391-002


To:     David Mazaroli, Esq.
        Law Offices
        11 Park Place, Suite 1214
        New York, NY 10007-2801

        NYK Line (North America) Inc.
        Nippon Yusen Kaisha (NYK Line)
        300 Lighting Way
        Secaucus, NJ 07094

        Union Pacific Railroad Company
        111 South Magnolia Street, Room 301
        Palestine, TX 75801

W:\4391-002\legals\answer to complaint 101807.rlf.doc-npo