Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Union Pacific Railroad Company
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 983-1466

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, | ECF Case |
| Plaintiff, | 07 CV 8243 (RJH) |
| v. |  |
| UNION PACIFIC RAILROAD COMPANY, NYK LINE (NORTH AMERICA) INC., NIPPON YUSEN KAISHA (NYK LINE), JAGUAR FREIGHT SERVICES, JAGUAR FREIGHT SERVICES, INC., BJ INTERNATIONAL, INC. |  |
| Defendants. |  |

**UNION PACIFIC RAILROAD COMPANY'S
ANSWER TO THE COMPLAINT**

Defendant Union Pacific Railroad Company ("UP"), by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer to plaintiff's Complaint hereby states and alleges as follows:

1.  UP admits the allegations contained in paragraph 1 of the Complaint, except as to the allegation that the Carmack Amendment governs, UP denies this allegation.

2.  UP denies the allegations contained in paragraph 2 of the Complaint.

3. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

4. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

5. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

6. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

7. UP denies the allegations contained in paragraph 7 of the Complaint.

8. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

9. UP admits the allegations contained in paragraph 9 of the Complaint, except as to the allegation that the container is described more fully in the Jaguar Freight Services bill of lading, UP denies knowledge or information sufficient to admit or deny that allegation and therefore denies the same and leaves plaintiff to its proof.

10. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

11. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

12. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

13. UP admits the allegations contained in paragraph 13 of the Complaint.

14. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

15. UP denies the allegations contained in paragraph 15 of the Complaint.

16. UP denies the allegations contained in paragraph 16 of the Complaint.

17. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

18. UP denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies the same and leaves plaintiff to its proof.

19. UP repeats and realleges its responses to paragraphs 1-18 of the Complaint as its response to paragraph 19.

20. UP admits the allegations contained in paragraph 20 of the Complaint but with regard to the allegation that UP was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment, UP denies this allegation.

21. UP does not responsd to paragraph 21 of the Complaint as such allegations are not addressed to it.

22. UP denies the allegations contained in paragraph 22 of the Complaint.

23. UP denies the allegations contained in paragraph 23 of the Complaint.

24. UP denies the allegations contained in paragraph 24 of the Complaint.

25. UP repeats and realleges its responses to paragraphs 1-24 of the Complaint as its response to paragraph 25.

26. UP denies the allegations contained in paragraph 26 of the Complaint.

27. UP repeats and realleges its responses to paragraphs 1-26 of the Complaint as its response to paragraph 27.

28. UP denies the allegations contained in paragraph 28 of the Complaint.

29. UP denies the allegations contained in paragraph 29 of the Complaint.

30. UP repeats and realleges its responses to paragraphs 1-29 of the Complaint as its response to paragraph 30.

31. UP denies the allegations contained in paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. To the extent that the plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. To the extent that plaintiff failed to file suit within the period proscribed, this lawsuit is time barred.

### AS AND FOR A THIRD
### AFFIRMATIVE DEFENSE

34.  The complaint fails to state a claim against UP on which relief may be granted.

### AS AND FOR A FOURTH
### AFFIRMATIVE DEFENSE

35.  In the event that the plaintiff had not or has no title or interest in the shipment that is the subject of this action, then the plaintiff is not the real party in interest an is not entitled to maintain this suit.

### AS AND FOR A FIFTH
### AFFIRMATIVE DEFENSE

36.  In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE

37.  Plaintiff's common law claims are preempted by federal law.

### AS AND FOR A SEVENTH
### AFFIRMATIVE DEFENSE

38.  The bill of lading, tariffs and classifications and the governing publications do not contemplate responsibility for special damages. To the extent, that plaintiff seeks recovery for special damages, UP is not responsible.

WHEREFORE, defendant Union Pacific Railroad Company demands judgment; (1) dismissing the Complaint with prejudice, together with the costs, disbursements and reasonable attorneys fees; and (2) for such other or different relief as this Court may deem just and proper.

Dated: New York, New York
November 12, 2007

By: /s/ Barry N. Gutterman
Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
Phone: (212) 983-1466
Fax: (212) 983-1229

Attorneys for Defendant
Union Pacific Railroad Company

To: David L. Mazaroli (DM-2929)
11 Park Place – Suite 1214
New York, New York 10007-2801
Phone: (212) 267-8480
Fax: (212) 732-7352

Attorneys for Plaintiff

Richard L. Furman (RF 0250)
DeOrchis, Wiener & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006
(212) 344-4700
File: 4391-002

Attorney for Defendants
Jaguar Freight Services and
Jaguar Freight Services, Inc.
NYK Line (North America) Inc.

Nippon Yusen Kaisha (NYK Line)
300 Lighting Way
Secaucus, NJ 070904

UP2805.aad