4391-002

DeORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendants
Jaguar Freight Services,
Jaguar Freight Services, Inc. and
BJ International, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA,   ECF CASE: 07 Civ. 8243

                     Plaintiff,

       v.   AMENDED ANSWER TO
                                                                   COMPLAINT
UNION PACIFIC RAILROAD COMPANY,
NYK LINE (NORTH AMERICA) INC., NIPPON
YUSEN KAISHA (NYK LINE), JAGUAR
FREIGHT SERVICES, JAGUAR FREIGHT
SERVICES, INC., BJ INTERNATIONAL, INC.

                    Defendants.
-----------------------------------------------------------X

    Defendants, Jaguar Freight Services, Jaguar Freight Services, Inc. (together "Jaguar") and BJ International, Inc. ("BJ"), by their attorneys, DeOrchis, Wiener & Partners, LLP, answering the Complaint of Plaintiff, allege upon information and belief, as follows:

FIRST CAUSE OF ACTION

    1. Admit each and every allegation contained in Paragraphs 7, 8 and 11 of the Complaint.

2. Admit allegation contained in Paragraph 5 of the Complaint as to Jaguar and/or BJ, but deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 5 of the Complaint.

3. Admit the allegations contained in Paragraph 12 of the Complaint as to Jaguar and/or BJ, but deny knowledge or information sufficient to form a belief as to the truth of the rest of the allegations contained in Paragraph 12 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 6, 9, 10, 13, 14, 15, 16, 17, 18 in the Complaint.

## SECOND CAUSE OF ACTION

5. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 4 inclusive of this Answer, with the same force and effect as if herein set forth at length.

6. Deny each and every allegation contained in Paragraph 21 of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20, 22, 23 and 24 of the Complaint.

## THIRD CAUSE OF ACTION

8. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 7 inclusive of this Answer, with the same force and effect as if herein set forth at length.

9. Deny each and every allegation contained in Paragraph 26 of the Complaint.

## FOURTH CAUSE OF ACTION

10. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 9 inclusive of this Answer, with the same force and effect as if herein set forth at length.

11. Deny each and every allegation contained in Paragraphs 28 and 29 of the Complaint.

## FIFTH CAUSE OF ACTION

12. Repeat and reallege each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 11 inclusive of this Answer, with the same force and effect as if herein set forth at length.

13. Deny each and every allegation contained in Paragraph 31 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a claim against Jaguar and/or BJ upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et. seq., and/or the Harter Act, 46 U.S.C., § 190 et. seq., and/or other legislation pertinent to this carriage. If any injury was suffered by Plaintiff, which is denied, for which Jaguar and/or BJ is found liable, said injury was due to a cause or causes for which defendants are not liable by virtue of said legislation pertinent to this carriage.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. The shipment described in the Complaint was booked, received, loaded, carried, discharged and delivered subject to the terms, conditions and exceptions of certain dock receipts, bills of lading, tariffs, and/or contracts of affreightment issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. If any injury was suffered by Plaintiff for which Jaguar and/or BJ is found liable, which is denied, said injury was due to a cause or causes for which Jaguar nor BJ is not liable by virtue of said dock receipts, bills of lading, tariffs, and/or contracts of affreightment.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. The Complaint should be dismissed as Plaintiff failed to give timely notice of this claim as required by the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

18. If Plaintiff suffered the injury referred to in the Complaint, which is denied, for which Jaguar an/or BJ is found liable, such injury was caused, or contributed to, by Plaintiff and/or other third parties and co-defendants and not by Jaguar or BJ.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Any liability of Jaguar and/or BJ, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of affreightment or governing legislation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Pleading in the alternative, the Complaint must be denied as the loss or injury complained of, which is denied, occurred during the period before loading and after discharge from the vessel and therefore Jaguar nor BJ is not liable for said loss.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

21. Plaintiff has failed to properly and fully mitigate its damages alleged in its Complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

22. That if Plaintiff's cargo suffered any loss or damage, which defendants Jaguar and BJ deny, then such loss or damage resulted from a cause arising without the actual fault and privity of Jaguar nor BJ and without the fault or neglect of their agents or servants, and Jaguar nor BJ is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(q).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

23. The Court should take a presumption that the shortage, loss and/or damage, if any, occurred while the cargo was in the possession, control and custody of the last carrier.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS UNION PACIFIC RAILROAD COMPANY, NYK LINE (NORTH AMERICA) INC. and NIPPON YUSEN KAISHA (NYK LINE) DEFENDANTS ALLEGE AS FOLLOWS:

24. Jaguar and BJ repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

25. If the shipment in suit was damaged as set forth in the Complaint, which is specifically denied, then the damage was proximately caused by the fault, omission, negligence or breach of contract, breach of warranty, breach of bailment of co-defendants, Union Pacific Railroad Company, NYK Line (North America) Inc. and Nippon Yusen Kaisha (NYK Line), and not due to any fault, omission, negligence or breach of contract or breach of warranty on the part of defendants Jaguar and/or BJ.

26. If Plaintiff is entitled to recover against defendants Jaguar and/or BJ for matters alleged in the Complaint, then defendants Jaguar and/or BJ are entitled to recover indemnity or contribution from co-defendants Union Pacific Railroad Company, NYK Line (North America) Inc. and Nippon Yusen Kaisha (NYK Line) for all or a proportionate amount of such sums, if any, so recovered, together with expenses, including attorneys' fees, costs and interest, in defending against Plaintiff's action.

27. That if Plaintiff is entitled to recover against Jaguar and/or BJ, then Jaguar and/or BJ are entitled to recover indemnity from co-defendants Union Pacific Railroad Company, NYK Line (North America) Inc. and Nippon Yusen Kaisha (NYK Line) for all expenses including attorneys' fees, costs and interest which Jaguar and/or BJ expended in defending against Plaintiff's action.

WHEREFORE, Defendants Jaguar and BJ pray:

(a) That judgment be entered in favor of Jaguar and BJ, and against Plaintiff dismissing the Complaint herein together with costs and disbursements of this action;

(b) That judgment be entered in favor of Jaguar and BJ against Union Pacific Railroad Company, NYK Line (North America) Inc. and Nippon Yusen Kaisha (NYK Line)

on the cross-claim herein together with the costs and disbursements of this action including attorneys' fees plus interest and for such other and further relief as the Court deems just and proper; and

  (c)  That the Court direct such other and further relief as it deems just and proper.

Dated:  New York, New York
     November 29, 2007

               DEORCHIS, WIENER & PARTNERS, LLP
               Attorneys for Defendants
               Jaguar Freight, Jaguar Freight Services, Inc.
               and BJ International, Inc.

               By: _____
                 RICHARD L. FURMAN (RF 0250)
               61 Broadway, 26th Floor
               New York, New York 10006
               (212) 344-4700
               Our File:  4391-002

To:  David Mazaroli, Esq.
    Law Offices
    11 Park Place, Suite 1214
    New York, NY 10007-2801

    Paul Keane, Esq.
    Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
    61 Broadway, Suite 3000
    New York, NY 10006

    Barry Neil Gutterman, Esq.
    Barry N. Gutterman & Associates, P.C.
    The Lincoln Bldg.
    60 East 42nd Street, 46th Floor
    New York, NY 10165

W:\4391-002\legals\amended answer to complaint 112907.rlf.doc-npo