9050/PMK
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

*Attorneys for Defendant*
NYK LINE (NORTH AMERICA) INC.
NIPPON YUSEN KAISHA (NYK LINE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE OF NORTH AMERICA,<br><br>                                    Plaintiff,<br><br>- against -<br><br>UNION PACIFIC RAILROAD COMPANY;<br>NYK LINE (NORTH AMERICA) INC.;<br>NIPPON YUSEN KAISHA (NYK LINE);<br>JAGUAR FREIGHT SERVICES, INC.;<br>BJ INTERNATIONAL, INC.<br><br>                                    Defendants. | 07 CV 8243 (Judge Holwell)<br><br>ECF CASE<br><br>**<u>ANSWER AND</u>**<br>**<u>CROSS CLAIM</u>** |

Defendants, NYK LINE (NORTH AMERICA) INC. and NIPPON YUSEN KAISHA (NYK LINE) and both together NYK (hereinafter NYK N.A.), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor as and for its answer to the complaint alleges upon information and belief as follows:

      1.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Deny the allegations contained in paragraph 5 as they relate to NYK except admits that NYK N.A. had an office and principal place of business in Secaucus, New Jersey and, except as so admitted, deny the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6.

7. Admits that defendant, NYK Line, was a vessel operating common carrier as defined by the Shipping Act of 1984, as amended by the Ocean Shipping Reform Act of 1998 and except as so admitted, deny the allegations contained in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10. Admits that on or about December 21, 2006, container TRLU633487-2 was delivered to entities acting on behalf of defendants NYK and that said container was in external good order and condition and except as so admitted, deny the allegations contained in paragraph 10.

11. Admit that defendant NYK N.A. on behalf of defendant NYK Line issued a bill of lading covering transportation from Oklahoma to Shanghai via California and

that the shipment in question was to be carried pursuant to the terms and conditions of said bill of lading and except as so admitted deny the allegations contained paragraph 11.

12. Admits that the bill of lading issued by defendant NYK N.A. on behalf of defendant NYK Line provided for the carriage of container TRLU633487-2 pursuant to the terms and conditions of said bill of lading and except as so admitted deny the allegations contained in paragraph 12.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16, except admits non payment.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

## AS AND FOR ITS ANSWER TO THE SECOND CAUSE OF ACTION

19. Defendants NYK Line and NYK NA repeat and reallege the allegations set forth in paragraphs 1 through 18 of its answer to this complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Admit that any alleged damage sustained to the shipment in question occurred while the shipment was in the actual custody or UPRR and that while said container was in the custody of UPRR, it was moving pursuant to the terms and conditions of NYK Line's ocean bill of lading and except as so admitted, deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

**AS AND FOR ITS ANSWER TO THE THIRD CAUSE OF ACTION**

25. Defendants NYK Line and NYK NA repeat and reallege the allegations set forth in paragraphs 1 through 24 of its answer to this complaint.

26. Admit that defendant NYK Line through its agent NYK NA issued a bill of lading covering the transportation in question and further admit that any liability for loss or damage occurring during such transportation covered by the aforesaid bill of lading shall be determined in accordance with the terms and conditions of said bill of lading and except as so admitted deny the allegations contained in paragraph 26.

**AS AND FOR ITS ANSWER TO THE FOURTH CAUSE OF ACTION**

27. Defendants NYK Line and NYK NA repeat and reallege the allegations set forth in paragraphs 1 through 26 of its answer to this complaint.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

## AS AND FOR ITS ANSWER TO THE FIFTH CAUSE OF ACTION

30. Defendants NYK Line and NYK NA repeat and reallege the allegations set forth in paragraphs 1 through 29 of its answer to this complaint.

31. Deny the allegations contained in paragraph 31.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The shipments in question were to be carried from a point in the United States to a foreign destination pursuant to a bill of lading contract issued by defendant NYK and were, therefore, subject to the terms and conditions of the United States Carriage of Goods by Sea Act (46 App. §1300 et. seq.) (hereinafter COGSA).

33. Defendants NYK Line and NYK NA claim the benefit of all exceptions, exemptions and limitations contained in the bill of lading contract and COGSA to the full extent they may be applicable to it.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Defendants NYK Line and NYK NA claims the benefit of all exceptions, exemptions and limitations contained in the General Maritime Law of the United States and the U.S. Harter Act (46 App. §190 et. seq.) to the full extent they may be applicable to it.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Defendant NYK NA was at all times acting as an agent for a disclosed principal.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. The bill of lading covering the shipment in question contained a mandatory and exclusive jurisdiction clause calling for jurisdiction in Japanese court sitting in the city of Tokyo.

37. Defendants NYK Line and NYK NA demand that the case as against them be dismissed on the basis of the aforesaid Japanese jurisdiction clause.

## AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS UNION PACIFIC RAILROAD COMPANY, JAGUAR FREIGHT SERVICES AND BJ INTERNATIONAL, INC.

38. If there was any loss or damage to the shipment referred to in Plaintiffs' Complaint, which is denied, then said loss or damage was brought about by the negligence and/or breach of contract and/or breach of warranty, implied or expressed, of Co-Defendants UNION PACIFIC RAILROAD COMPANY, JAGUAR FREIGHT SERVICES and BJ INTERNATIONAL, INC., and by reason thereof, Defendant NYK is entitled to full indemnity and/or contribution from Co-Defendants UNION PACIFIC RAILROAD COMPANY, JAGUAR FREIGHT SERVICES and BJ INTERNATIONAL, INC. for all loss and damage including reasonable counsel fees and expenses incurred by NYK in the defense of this case.

39. This cross-claim is being asserted contingently in that Defendants NYK intends to move on the basis of the jurisdiction clause contained in its bill of lading and this cross-claim will only be asserted in the event that said motion is denied by the court.

**WHEREFORE**, Defendants NYK Line and NYK NA pray that the complaint be dismissed together with costs, disbursements and attorneys' fees incurred in the defense of this action or in the event that any liability should be found that, which is denied, that Defendant NYK be indemnified or receive contribution from Co-Defendants UNION

PACIFIC RAILROAD COMPANY, JAGUAR FREIGHT SERVICES and BJ INTERNATIONAL, INC. together with costs, disbursements and attorneys fees incurred in the defense of this action.

Dated: New York, New York
       December 3, 2007

                          CICHANOWICZ, CALLAN, KEANE,
                          VENGROW & TEXTOR, LLP
                          61 Broadway, Suite 3000
                          New York, New York 10006

                          *Attorneys for Defendant*
                          NYK LINE (NORTH AMERICA) INC.
                          NIPPON YUSEN KAISHA (NYK LINE)

                By:    s/ Paul M. Keane

                          Paul M. Keane (PMK-5934)

To:    David L. Mazaroli
        11 Park Place – Suite 1214
        New York, New York 10007

        Richard L. Furman, Esq.
        DeOrchis Weiner & Partners, LLP
        61 Broadway, 26th Floor
        New York, New York 10006

        Barry Gutterman, Esq.
        Barry N. Gutterman & Associates, P.C.
        The Lincoln Building
        60 East 42nd Street, 46th Floor
        New York, New York 10165

### CERTIFICATE OF SERVICE BY REGULAR U.S. MAIL AND BY ECF

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On December 3, 2007, I served a complete copy of NYK's Answer and Cross Claim, by regular U.S. mail and by ECF, to the following attorneys at their ECF registered address and at the following address:

To:    David L. Mazaroli
11 Park Place – Suite 1214
New York, New York 10007

Richard L. Furman, Esq.
DeOrchis Weiner & Partners, LLP
61 Broadway, 26th Floor
New York, New York 10006

Barry Gutterman, Esq.
Barry N. Gutterman & Associates, P.C.
The Lincoln Building
60 East 42nd Street, 46th Floor
New York, New York 10165

*Amanda Magri*
Amanda Magri

DATED:    December 3, 2007
New York, New York